# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE SACRED TRINITY CHURCH, a California nonprofit religious corporation; and OPTIMUM HEALTH INSTITUTE – SAN DIEGO, a California nonprofit religious corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No.:   3:21-cv-1756-W (JLB)<br><br>**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AND DENYING PLAINTIFFS' REQUEST FOR EXPEDITED PROCEEDINGS [DOC. 9]** |

Pending before the Court is Defendant Internal Revenue Service's ("IRS") Partial Motion to Dismiss Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Mot.* [Doc. 9].)  Defendant also opposes Plaintiffs' request for expedited proceedings under 28 U.S.C. Section 1657. (*Id.*)  Plaintiffs Free Sacred Trinity Church ("FSTC") and Optimum Health Institute – San Diego ("OHI-SD") oppose the Motion. (*Opp'n* [Doc. 14].)

The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d.1).  For the reasons that follow, the Court **DENIES** Defendant's Partial Motion to Dismiss and **DENIES** Plaintiffs' request for expedited proceedings.  [Doc. 9].

I.   **BACKGROUND**

Plaintiff FSTC is a "nonprofit, religious corporation" that teaches "a distinct religious creed based upon Judeo-Christian beliefs and holistic healing and nutrition practices." (*Compl.* [Doc. 1] ¶ 3.) Plaintiff OHI-SD is also a "nonprofit, religious corporation" affiliated with and subject to the general supervision and control of FSTC. (*Id.* ¶ 4.) On October 29, 2018, the IRS inquired into Plaintiffs' tax-exempt status as a church. (*Id.* ¶ 6.) It was concerned that FSTC was "being operated more than insubstantially for commercial purposes," which would disqualify FSTC as a tax-exempt organization. (*Id.*, Ex. 1 at 1.) The IRS then audited Plaintiffs for the 2016 tax period. (*Id.* ¶ 8.)

On March 4, 2019, Plaintiffs filed a Freedom of Information Act ("FOIA") request with the IRS under 5 U.S.C. Section 552, seeking documents regarding what led to the IRS' audit of Plaintiffs ("2019 FOIA Request"). (*Id.* ¶ 9.)[1] The IRS allegedly did not comply with the FOIA request in time, causing Plaintiffs to file suit. (*Id.* ¶¶ 10-11.) That lawsuit, which is also in this Court, is entitled <u>Free Sacred Trinity Church, et al. v. IRS</u>, No. 3:19-cv-02358-W-JLB (S.D. Cal. 2019) (the "2019 FOIA Action"). In response

---

[1] Specifically, Plaintiffs sought the following documents in their 2019 FOIA Request:
   a. The IRS's entire file (including, without limitation, its administrative file), that may or does relate to the IRS Inquiries, including, without limitation:
      i.   All intra-IRS correspondence and referrals;
      ii.  All inter-agency correspondence and referrals;
      iii. All inter-governmental entity (for example, state governmental entity) correspondence and referrals; and
      iv. All whistleblower filings or public complaints howsoever documented and regardless of whether on Form 211, Form 13909, or otherwise;
   b. All other documents in the IRS's possession that may or do relate to the IRS Inquiries, including any documents showing how the IRS reached a decision, or contributed to the IRS's decision, to raise the IRS Inquiries; and
   c. All documents provided to, made available to, seen by, referred to, or otherwise provided for use or used, in any manner by the applicable high-level Treasury official (as that phrase is used in 26 U.S.C. § 7611(a)(2)), in forming a reasonable belief on the basis of facts and circumstances recorded in writing to justify the IRS examination of any, some, or all of Plaintiff FSTC, Plaintiff OHI-SD, and/or their affiliate, OHI-A [Optimum Health Institute - Austin].

to that suit, the IRS agreed to release all non-exempt, responsive records to Plaintiffs' 2019 FOIA request, with status reports every 60 days. (*Compl.* ¶ 12.)

According to Plaintiffs, after the 2019 FOIA Action began, the IRS reported Plaintiff's counsel, Paul J. Dostart, to the U.S. Treasury Inspector General for Tax Administration ("TIGTA"). (*Opp'n* at 2.) TIGTA allegedly investigated Mr. Dostart but informed the IRS that it would not "prosecute" him. (*Id.*) Consequently, on March 12, 2021, Plaintiffs filed a new FOIA request with the IRS, seeking additional records related to the IRS's audit (the "2021 FOIA Request"). (*Compl.* ¶ 15.) Specifically, the 2021 FOIA Request "expanded the 2019 FOIA Request to include all documents prepared or dated from March 4, 2019 to and including the date on which the IRS provides its last batch of documents to Plaintiffs regarding the request," and included three new categories of requested documents:

    d.    All other documents in the IRS's possession that may or do relate to or show how the IRS reached a decision, or contributed to the IRS's decision, to issue the two initial reports of examination issued to me under cover of letter dated January 21, 2021;

    e.    All documents that relate to the Treasury Inspector General for Tax Administration ("TIGTA") inquiry or investigation of Paul J. Dostart, and/or which relate to the interview of Paul J. Dostart by TIGTA agents on May 14, 2020, and which were created on or after January 1, 2020, and extend up until the present; and

    f.    If you determine that there exist documents which are described in this FOIA request but which you decide to not disclose, a description of such document(s), the reasons for your non-disclosure decision, and any documents relied upon or that may be relied upon to make that decision.

(*Id.*)

The IRS forwarded the subsection (e) portion of Plaintiffs' 2021 FOIA Request to TIGTA, and TIGTA produced approximately 250 pages of documents in response. (*Id.* ¶

16.) Plaintiffs, however, allege that these are the only documents they received and they "do not believe that this production includes all documents responsive to the request." (*Id.*)

Defendant IRS moves to dismiss the subsection (e) portion of Plaintiffs' 2021 FOIA Request for failure to state a claim, arguing that it "does not have access to TIGTA records and once the transfer is made to TIGTA, the responsibility for that portion of the FOIA request falls on TIGTA." The IRS relies on a declaration from Fatima Merriam—a Senior Disclosure Specialist in the IRS's Office of Privacy, Governmental Liaison and Disclosure—in support for this contention. (*Mot.* at 6; *Fatima Merriam Decl.* [Doc. 9].) Plaintiffs counter that the IRS cannot satisfy its FOIA obligation by simply transferring the 2021 FOIA Request to another agency. It must also search for its own records responsive to the Request. (*Opp'n* at 5).

In addition, Defendant IRS opposes Plaintiffs' request for expedited proceedings for failing to establish "good cause" under 28 U.S.C. Section 1657. (*Mot.* at 6-7.)

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555

(2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   DISCUSSION

### A.   Must the IRS Search for Records Responsive to the Subsection (e) Portion of Plaintiffs' 2021 FOIA Request?

FOIA was enacted "to promote honest and open government" and "to ensure public access to information created by the government . . . ." Wood v. F.B.I., 432 F.3d 78, 82 (2nd Cir. 2005) (citations omitted). Bolstering this policy of transparency, FOIA's statutory exemptions are construed narrowly, with all doubts resolved in favor of disclosure. See id. at 82-83. FOIA obligates the government to produce documents within its "possession or control." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150–51 (1980). But a federal statute concerning FOIA and the IRS, 26 C.F.R. Section 601.702(c)(3)(i), provides:

> Where the request is for a record which is determined to be in the possession or under the control of a constituent unit of the Department of the Treasury other than the IRS, the request for such record shall immediately be transferred to the appropriate constituent unit and the requester notified to that effect. Such referral shall not be deemed a denial of access within the meaning of these regulations.

Defendant IRS contends that it and TIGTA are separate agencies for the purposes of FOIA and that it does not have access to TIGTA records. (*Mot.* at 3.) The IRS relies on the Declaration of Fatima Merriam for support of this contention. (*Id.*) Plaintiffs

counter that the Court may not consider the Merriam Declaration because it is extrinsic evidence not identified or relied upon in the Complaint. (*Opp'n* at 3.)

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal … is the complaint."). Courts, however, may "consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (citation omitted).

Plaintiffs' Complaint does not include the Merriam Declaration, it does not necessarily rely on it, and the authenticity and facts in the Declaration are in dispute. Therefore, the Court cannot consider the Merriam Declaration without converting Defendant's Motion to Dismiss into a motion for summary judgment. See Fed. R. Civ. Proc. 12(d); see also Arellano v. Santos, 2020 WL 1275650, at *3 (S.D. Cal. Mar. 16, 2020).

Even if the Court could consider the Merriam Declaration without converting Defendant's Motion into a motion for summary judgment, the IRS still fails to show how it met its obligation under FOIA, at least at this stage of the litigation. The subsection (e) portion of Plaintiffs' 2021 FOIA Request seeks records relating to TIGTA's inquiry of Plaintiffs' counsel, Paul Dostart. (*Compl.* ¶ 15.) Contrary to Defendant's argument, not all records responsive to this request lie under the exclusive control of TIGTA. (*Mot.* at 5-6.) For example, as Plaintiffs suggest, the IRS might have "notes or written communications between IRS agents in connection with their request that TIGTA conduct an investigation" of Mr. Dostart. (*Opp'n* at 6.)

Moreover, to comply with FOIA, the IRS must actually search for documents to know whether they exist in their possession. See Middle East Forum v. U.S. Dept. of Treasury, 317 F.Supp.3d 257, 266 (D.D.C. 2018) ("[T]he IRS cannot aver that no responsive non-exempt records exist without looking for them."). If the IRS claims it

does not possess or control a requested document, the IRS must show that it conducted a search "reasonably calculated to uncover all relevant documents." Urban v. United States, 72 F.3d 94, 95 (8th Cir. 1995) (quotation and citation omitted).  Therefore, because Defendant failed to conduct a reasonable search for records, its Partial Motion to Dismiss the subsection (e) portion of Plaintiffs' 2021 FOIA Request is **DENIED**.

### B.   Have Plaintiffs Shown Good Cause for Expedited Proceedings?

Parties are entitled to expedited proceedings if they can show good cause. 28 U.S.C. § 1657(a).  They can establish good cause by showing that "a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a).  District courts have discretion to determine the need for expedited proceedings on a case-by-case basis. Freedom Commc'ns. Inc. v. F.D.I.C., 157 F.R.D. 485, 486–87 (C.D. Cal. 1994) ("The [Federal Civil Priorities Act] grants a court wide discretion to organize its docket.").  While the "good cause" provision of Section 1657 should be "liberally construed by the courts for expedited consideration under the Freedom of Information Act," litigants must "persuasively assert that there is a special public or private interest in expeditious treatment of their case." Id. (citation omitted). Special consideration is given for actions asserting federal rights, for example, in "habeas corpus actions, recalcitrant witness actions, and actions for preliminary or temporary injunctive relief." Id.

Plaintiffs argue that good cause exists for expedited proceedings because the records sought in their FOIA Requests "are needed to investigate government action in commencing the audit of [Plaintiffs], and that the IRS has been painfully slow to produce them." (*Opp'n* at 6.)  Indeed, while Defendant IRS' Partial Motion to Dismiss was under submission with the Court, the IRS concluded its audit of Plaintiffs and revoked their tax-exempt status as a church. (*See Order Granting in Part Plaintiffs' Ex Parte App. to Supplement Opp'n* [Doc. 19] at 2.)  Plaintiffs allegedly intend to appeal the IRS'

unfavorable audit determination in U.S. Tax Court.  (*Opp'n* at 7.)  And according to Plaintiffs, in order to begin litigating in tax court, they "will quickly need the records they requested in the earlier related FOIA case." (*Id.*)

In other words, Plaintiffs seek expedited proceedings to quickly obtain civil discovery so they can appeal the IRS' audit in tax court.  However, "FOIA is not designed 'as a substitute for civil discovery.'" Shannahan v. I.R.S., 672 F.3d 1142, 1151 (9th Cir. 2012) (citing Baldridge v. Shapiro, 455 U.S. 345, 360 n.14 (1982) ("The primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery.").  Moreover, Plaintiffs fail to explain why they "need" these documents to begin litigating in tax court in the first place.  Assuming the requested documents are relevant to the IRS' audit and ultimate determination of Plaintiffs' tax-exempt status, Plaintiffs can likely obtain these documents in tax court through discovery.  Therefore, having failed to establish good cause, Plaintiffs' request for expedited proceedings is **DENIED WITHOUT PREJUDICE**.

IV.   **CONCLUSION & ORDER**

For the foregoing reasons, the Court **DENIES** Defendant's Partial Motion to Dismiss and **DENIES** Plaintiff's Request for Expedited Proceedings **WITHOUT PREJUDICE**.  [Doc. 9].

**IT IS SO ORDERED.**

Dated:  March 30, 2022

Hon. Thomas J. Whelan
United States District Judge